UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IN RE:                                                          CASE NO.: 16-81331
    DONALD M. WOODMAN
    ANNA SORENSON WOODMAN                              CHAPTER 11
        (Debtors in Possession)

PLAN OF REORGANIZATION FILED ON
BEHALF OF DEBTORS IN POSSESSION DATED JUNE 20, 2018

    DONALD M. and ANNA S. WOODMAN, Debtors in Possession herein, hereby propose their Plan of Reorganization (the "Plan") to the creditors and interest holders of the Debtors pursuant to the provisions of Chapter 11 of the Bankruptcy Code, 11 U.S.C., § 1101 et seq.

ARTICLE I - DEFINITIONS

    The following terms when used in this Plan shall, except where the context otherwise requires, have the meanings as set forth below (such definitions to be equally applicable to the singular and plural forms thereof). Any term used in this Plan which is not defined herein, but which is used in Title 11 of the United States Code ("Bankruptcy Code"), shall have the meaning otherwise assigned to each such term in the Bankruptcy Code.

1.01    ADMINISTRATIVE CLAIM   an administrative expense, or Claim under 11 U.S. C. §503 of the Bankruptcy Code, that is entitled to priority under 11 U.S.C. §507(a)(2) of the Bankruptcy Code, including specifically any fees and expenses due the Office of the U.S. Trustee

1.02    BANKRUPTCY CODE OR CODE   Title 11 of the United States Code, as amended.

1.03    BANKRUPTCY COURT   the United States Bankruptcy Court, Western District of Louisiana, Alexandria Division.

1.04    BAR DATE   The deadline set by the court for the filings of Proof of Claims or interest (or request for payment as applicable to the administrative claims). The bar date for filing claims or interests (other than administrative expenses) will be the date upon which the first hearing is held for approval of the disclosure statement herein.

1.05    CLAIM   Claim shall have the meaning specified by Sections 101(4) and 501 of the Code.

1.06    CONFIRMATION OR CONFIRMATION OF THE PLAN   the entry by the Bankruptcy Court of an Order confirming this PLAN OF REORGANIZATION FILED ON BEHALF

DEBTORS IN POSSESSION DATED JUNE 20, 2018.

1.07    CONFIRMATION DATE    the date on which a Confirmation order is entered by the Bankruptcy Court.

1.08    CREDITOR OR CLAIMANT    any person having an allowed Administrative, Unsecured, Secured or Priority Claim against the Debtors.

1.09    DEBTORS    the debtors are DONALD M. and ANNA S. WOODMAN.

1.10    DEBTORS' ESTATE    the bankruptcy estate of DONALD M. and ANNA S. WOODMAN.

1.11    DISBURSING AGENT    The Disbursing Agent under this Plan of Reorganization shall be the Debtors or such other persons designated by the Bankruptcy Court.

1.12    DISPUTED CLAIM    Any Claim either (i) Scheduled by the Debtors as disputed, contingent or unliquidated, (ii) Scheduled by the Debtors as not being disputed, contingent or liquidated, but subsequently objected to by the Debtors or any party in interest; (iii) for which a Proof of Claim (or request for payment, as applicable to Administrative Expenses) has been filed with the Court and an objection to the allowance of which is timely filed by the Debtors or other party in interest; (iv) which the Debtors or other parties in interest have sought to estimate pursuant to Code Section 502(c); (v) which the Debtors or other parties in interest seek to subordinate, pursuant to Code Section 510; (vi) with respect to Secured Claims, those which the Debtors or other parties in interest have sought to value, pursuant to Code Section 506(a), or the lien of which the Debtors or other parties in interest have sought to avoid or otherwise challenge pursuant to Code Sections 606(d), 542 553, or otherwise; or (vii) of a type described in Code Section 502(d), (d), (g), (h), or (i), PROVIDED that any such Claims described in subparagraphs (ii)   (vii) hereof shall be Allowed Claims upon entry of a Final Order (including the Confirmation Order) resolving the matter at issue regarding the Claim.

1.13    DISPUTED CLAIMS RESERVE    A segregated account established pursuant to provisions of the Plan in which the Disbursing Agent, pending final resolution of all Disputed Claims, deposits a Pro Rata payment of each such Disputed Claim in lieu of payments provided for herein. The Disbursing Agent shall determine the amount of each Disputed Claim for purposes of determining its pro rata share by reference to (1) the face amount of the applicable proof of claim, (2) the amount of such Disputed Claim as estimated and fixed by the Court pursuant to Section 502(c) of the Bankruptcy Code; (3) the estimated amount of such Disputed Claim as determined by agreement with the holder of the Disputed Claim; or (4) if appropriate, by final order of the Bankruptcy Court.

1.14    EFFECTIVE DATE    (unless otherwise specifically defined in the Plan) for a class of Claims under the Plan, means ten (10) days after Confirmation Date unless a timely Notice of Appeal is filed and an order is entered by a Court of competent jurisdiction staying the effect

of an order confirming a Plan herein.

1.15 FINALLY ALLOWED OR ALLOWED CLAIM those claims allowed pursuant to Section 502(a) of the Code including any Order allowing a Claim or interest that has become final and all periods where appeal from such Order have expired or all timely appeals have been resolved by the entry of final Orders or Judgments.

1.16 FILING DATE the date on which Debtors filed this proceeding, said date being December 18, 2016.

1.17 PLAN OR PLAN OF REORGANIZATION this Plan of Reorganization submitted by DONALD M. and ANNA S. WOODMAN, dated June 20, 2018, as it may be modified or amended from time to time.

1.18 PRIORITY CLAIMANT the owner and holder of an Allowed Priority Claim.

1.19 PROPONENT DONALD M. and ANNA S. WOODMAN, the Debtors herein.

1.20 SECURED CLAIMS those Claims of Creditors against the Debtors which are Finally Allowed and which are secured by any valid security interest, mortgage, lien, property interest or any other similar type instrument or security device in favor of such claimant to the extent of the value of the collateral as provided in 11 U.S.C. 506.

1.21 UNITED STATES TRUSTEE The Office of the United States Trustee.

ARTICLE II - CLASSIFICATION OF CLAIMS AND INTERESTS

The claims against and the interests in Debtor, to the extent they are Finally Allowed by the Bankruptcy Court, are classified as follows:

2.01 Class 1 – CAPITAL ONE N.A - Class 1 consists of the allowed secured claim of Capital One N.A. secured by real estate located at 3093 Hwy 121, Elmer, Louisiana valued at $84,500.00.

2.02 Class 2 – General Unsecured Claims - unsecured claims allowed under §502 of the Code.

2.03 Class 3 – The interests of the individual debtors in property of the estate.

ARTICLE III – TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under section § 1123(a)(1), administrative expense claims, and priority

tax claims are not in classes.

3.02  Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in monthly installments payable on the 15th of each month after the effective date of the plan and continuing until paid in full.

   A.  Debtor Estimates that attorney's fees and costs associated with filing the case will be $3,000.00. Confirmation of the plan shall authorize debtor to pay a retainer to counsel in the amount of $100.00 per month. Any retainer paid to counsel shall be held in trust until said fees and costs are approved by the Court. Any fees and costs not earned shall be returned to debtor for distribution to the class of unsecured creditors at the conclusion of the case.

3.03  Priority Tax Claims. Each holder of a priority tax claim, if one exists, will be paid upon terms consistent with §1129(a)(9)(c) of the Code. The priority tax claims in this case re as follows:

   NONE.

3.04  United States Trustee Fees. All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

ARTICLE IV - PROVISIONS FOR SATISFACTION OF
CLAIMS OF CLASSES UNDER THIS PLAN

The Allowed Claims as classified in Article II hereof und unclassified claims as set forth in Article III hereof shall be satisfied in a manner set forth in this Article IV. Unless otherwise noted, all payments hereunder shall be payable from the Disbursing Agent and shall be paid on the 15th of each month beginning after the effective date of the plan.

4.01  Class 1 – Capital One N.A.- Creditor shall have a secured claim in the amount of $51,426.22 to be paid with interest at the rate of 5% per annum in the amount of $276.07 per month for 360 months. Creditor will retain its lien until the secured claim has been paid in full.

4.02  Class 2 – General Unsecured Claims - General unsecured claims shall be paid an amount equal to $6,000.00 minus any Article 3.02 (Administrative Expense Claims) that may be approved. Class 2 creditors shall be paid after administrative expense claims have been paid in full. The payments will accrue at the rate of $100.00 per month but debtor may make quarterly disbursements.

Page 4 of 8

16-81331 - #82  File 06/22/18  Enter 06/22/18 15:38:14  Main Document  Pg 4 of 8

4.03    Class 3 – Unless otherwise provided herein, title to property of the estate, subject to existing liens which are valid in bankruptcy, shall vest in the debtor upon confirmation of this Plan.

## ARTICLE IV - SPECIFICATION OF CLASSES IMPAIRED UNDER THIS PLAN

5.01    The Debtors asserts that the creditors in Classes 1 through 2 are impaired under this proposed Plan of Reorganization and are entitled to vote on the proposed Plan of Reorganization. All other classes are unimpaired under the Plan.

## ARTICLE VI - MEANS FOR EXECUTION OF THE PLAN OF REORGANIZATION

6.01    Transfer/Surrender of Property. Upon confirmation, the Debtors will be authorized to execute any and all property transfers contemplated hereunder. Such transfers shall be pursuant to such documents of title as reasonably required by parties and in accordance with normal business practice.

6.02    Execution of Replacement Security Devices. Upon the Effective Date, all secured creditors lienholders and holders of guaranty claims hereunder shall have the right to receive, in form and substance reasonably acceptable to their respective counsel and counsel for the Debtor, new notes and security devices evidencing the obligations assumed by DONALD M. and ANNA S. WOODMAN under the terms and conditions of this Plan of Reorganization. Unless otherwise specifically set forth herein, all secured creditors will retain all pre petition liens to the extent of their respective secured claims.

6.03    Distribution of Consideration.

    A.    Disbursing Agents. DONALD M. and ANNA S. WOODMAN shall serve as disbursing agent and shall distribute all properties and monies to be distributed under the Plan.

    B.    Disputed, Unliquidated and Contingent Claims or Interests.

    (i) Escrow. Notwithstanding any provisions of this Plan to the contrary, the Disbursing Agent shall withhold from the property to be distributed under this Plan, and shall place in escrow, a sufficient amount thereof to be distributed on the account of Claims that are disputed and have not become Finally Allowed Claims as of the date of the initial distribution under this Plan. As to any disputed, unliquidated or contingent Claim, the Bankruptcy Court shall determine what amount, if any, should be withheld and placed into a Disputed Claim Reserve. To the extent practicable, the Disbursing Agent may invest any cash in the reserve in a manner that will yield a reasonable net return taking into account the safety of the investment; however, the

Disbursing Agent shall have no specific duty or obligation to invest such funds.

(ii) Distribution. The property in escrow, including the allocable portion of the net return yielded from any investment in escrow, shall be distributed to the extent such disputed, unliquidated or contingent Claims are Allowed by Final Order. Any property in the escrow remaining after disputes over Claims of a particular Class have been resolved shall be distributed to Allowed Claims at the next distribution.

6.04 Refinancing Obligations - Debtors may incur new debt to re-finance the obligations imposed under this plan without further Court Approval.

6.05 Sales of Assets - Debtors may sell or transfer pre-petition property of the estate that has vested in debtors upon confirmation without further Court Approval.

## ARTICLE VII - RETENTION OF JURISDICTION

7.01 Retention of Jurisdiction. The Bankruptcy Court shall retain and have exclusive jurisdiction over the Chapter 11 Case for the following purposes:

(a) to determine any and all objections to the allowance of Claims;

(b) to determine any and all pending applications for the rejection or assumption of executory contracts or unexpired leases to which the Debtors is a party or with respect to which it may be liable and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

(c) to determine any and all applications, adversary proceedings and contested or litigated matters that may be pending on the Effective Date;

(d) to consider any modifications, defects or omissions of the Second Amended Plan, or reconcile any inconsistency in any order of the Bankruptcy Court;

(e) to determine all controversies, suits and disputes that may arise in connection with the interpretation or consummation of the Plan or the DEBTORS' obligations under the Plan;

(f) to issue such orders in aid of execution of the Plan to the extent authorized by Section 1142 of the Bankruptcy Code;

(g) to determine such other matters as may be set forth in the Confirmation Order or as may arise in connection with the Plan or the Confirmation Order; and

(h) to determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or the Plan.

ARTICLE VIII - CONDITIONS TO CONFIRMATION OF PLAN OF REORGANIZATION

This Plan may not be confirmed by the Bankruptcy Court unless each of the following conditions is either satisfied or, to the extent permitted by the Bankruptcy Court, waived by DONALD M. and ANNA S. WOODMAN.

8.01 Adequate Information. The Bankruptcy Court by Final Order shall have found that (i) the acceptances and rejections of this Plan from impaired Claimants pursuant to the Disclosure Statement were solicited after disclosure of adequate information to all such creditors in compliance with Section 1125 of the Bankruptcy Code and any applicable non bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with such solicitation; (ii) all disclosure statements provided to claimants contained adequate information with respect to this Plan; and (iii) all solicitations for approval of this Plan were made in good faith and in compliance with the applicable provisions of the Bankruptcy Code.

8.02 Confirmation of Plan. All the requirements of Section 1129(a) of the Bankruptcy Code (except the provisions of Section 1129(a)(8) with respect to class acceptance) shall have been met.

8.03 Claims and Interests. All impaired Classes of Claims and Interests shall have voted to accept this Plan by at least two thirds in amount and more than one half in number of those voting, or the provisions of Section 1129(b) of the Bankruptcy Code shall have been found by the Bankruptcy Court to have been met with respect to any non accepting Class of Claims or Interests.

8.04 Distributions. All distributions to holders of Claims required by the Plan have been made or provided for.

8.05 Orders in Aid of Consummation. Pursuant to Section 105, 1141, 1142 and 1143 of the Code, the Bankruptcy Court may enter one or more Orders in aid of Confirmation directing the implementation of matters or actions required by the Plan.

ARTICLE IX - GENERAL PROVISIONS

9.01 Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the

date on which the stay of the confirmation order expires or is otherwise terminated.

9.02    Severability.  If any provision of this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceabililty and operative effect on any other provision of this Plan.

9.03    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

9.04    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

9.05    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Louisiana govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided for in this Plan.

## ARTICLE X - DISCHARGE

10.01   Pursuant to Section 1141(d)(5) of the Code, unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under plan.

Respectfully Submitted:

/s/ L. Laramie Henry
L. Laramie Henry
Attorney at Law
P.O. Box 8536
Alexandria, LA 71301